UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
DONNA BURNETTE, : CASE NO. 1:16 CV 145
:
       Plaintiff, :
:
vs. : OPINION & ORDER
:
SECRETARY, DEPARTMENT :
OF VETERANS AFFAIRS, :
:
       Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Donna Burnette has filed this *in forma pauperis* civil action against the Secretary of the Department of Veterans Affairs pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e. She seeks "monetary damages for backpay, discrimination and nonselection w/ interest, sanctions and 401k al[l]otment, and distress." (Doc. No. 1 at 6.)

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted; however, for the reasons stated below, her complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

**Standard of Review**

Federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to screen and dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Id*. at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim" under §1915(e)(2)(B)). The court must construe the complaint in the light most favorable to the plaintiff, accept its well-pleaded allegations as true, and determine whether it presents plausible claims. Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, the plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78.

Further, although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* plaintiff must still meet basic pleading requirements, and a court is not required to conjure allegations on her behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

**Analysis**

The plaintiff's complaint, even liberally construed, fails to allege a plausible claim against the defendant under Title VII.

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).[1] The plaintiff does not allege any facts in her complaint supporting a plausible inference that the Department of Veterans Affairs terminated her, or otherwise discriminated against her with respect to the terms or conditions of employment, because of her race, color, religion, sex, or national origin as prohibited by Title VII. The *only* allegations she sets forth in her complaint are that "the agency failed to adhere to Judge Porter's order supplementing the record by 8-13-14 to plaintiff" and "failed to address back pay included in this claim which had a 3 [year] time frame for willful exclusion once [the] agency was informed." (Doc. No. 1 at 5.) These unclear allegations, which apparently pertain to some other unidentified case, are insufficient to allege a plausible Title VII claim against the defendant in this case. The allegations do not support a plausible inference that the defendant discriminated against the plaintiff on the basis of any characteristic protected by Title VII, and the Court is not required to conjure allegations on the plaintiff's behalf.

---

[1] To establish a *prima facie* case of discrimination under Title VII indirectly through circumstantial evidence, a plaintiff must show she is a member or a protected class; suffered an adverse employment action; was qualified for the position; and that a similarly-situated person outside of the protected class was treated more favorably than she was. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

**Conclusion**

Accordingly, the plaintiff's complaint is hereby dismissed pursuant to 28 U.S.C.§1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: March 23, 2016         *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE